# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RYAN CASTANEIRA, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. §§ 1983, 1985(3) |
| | : | |
| v. | : | |
| | : | |
| SAM OWENS, in his official | : | CIVIL ACTION NO. |
| capacity as Attorney General, et al., | : | 1:11-CV-2428-TWT-JFK |
| Defendants. | : | |

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Plaintiff, Ryan Castaneira, confined in Johnson State Prison in Wrightsville, Georgia, has submitted a *pro se* civil rights complaint. The Clerk of Court is **DIRECTED** (1) to adjust the Court's docket to show that this is a civil rights complaint under 42 U.S.C. §§ 1983, 1985(3), (see Doc. No. 20 ¶ 1), and (2) to add Public Defender William Allen Adams, Jr., and Assistant Public Defender Walker Chandler as Defendants in the action. By separate Order, the Court granted Plaintiff *in forma pauperis* status, and the matter is now before the Court on the complaint, as amended, (Doc. No. 20), for screening under 28 U.S.C. § 1915A, and on Plaintiff's emergency motion for a protective order, (Doc. No. 23).

**I.     28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555.

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard

2

frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). "To state a claim under § 1985(3), a plaintiff must allege: (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed

3

an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States." Jimenez v. Wellstar Health Sys., 596 F.3d 1304, 1312 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**II.  Discussion**

Plaintiff brings this action, originally filed on July 12, 2011,[1] against Officer Heather Jones; Captain Rosanna Dove; Police Chief H. C. (Skip) Clark, II; former Police Chief James Murray; Assistant District Attorney Randall Coggins; Assistant District Attorney Warren Sellers; Assistant District Attorney Robert W. Smith, Jr.;

---

[1](See Doc. No. 1). Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

AO 72A
(Rev.8/82)

District Attorney Scott Ballard; Public Defender William Allen Adams, Jr.; and Assistant Public Defender Walker Chandler, all in their individual and official capacities; and against Superior Court Judge Christopher C. Edwards and Attorney General Sam Owens, in their official capacities. (Doc. No. 20 ¶¶ 4-18). Plaintiff contends that he is a member of a distinct class, adult members of the Adult Friend Finder Network "who pursue a shared interests in lawful, adult sexual behavior and the exchange of legal; sexually explicit communications through social networks . . . ." – which includes Plaintiff's interest in "sexually explicit role play" where one person plays the role of a child and which resulted in his convictions for attempt to commit child molestation and attempt to entice a child for indecent purposes.[2] (Id. ¶¶ 20, 23; see also Doc. No. 1 ¶ 128).

Plaintiff brings thirteen 42 U.S.C. § 1985(3) claims based on an alleged conspiracy to deprive him of his rights during and in relation to his criminal proceedings, all based on his membership in the above class.

---

[2]Plaintiff previously brought an action seeking declaratory judgment that the Georgia criminal statutes under which he was convicted were unconstitutional, and the Court dismissed that action for lack of subject matter jurisdiction. Castaneira v. Perdue, No. 1:10-cv-3385-TWT (N.D. Ga. Dec. 9, 2010). Plaintiff also attempted to remove his state criminal action (pending on post-judgment motions) to this Court, and the Court remanded the action to the Superior Court of Fayette County. State v. Castaneira, No. 1:11-cv-3054-TWT-JFK (N.D. Ga. Nov. 10, 2011).

5

(1) The Defendant officers, prosecutors, and Attorney General Olen conspired to prosecute Plaintiff in bad faith – operated a sting operation to encourage "roleplay exchange[,]" inaccurately recorded the on-line exchanges, suppressed evidence, deprived him of the ability to have the relevant computer data properly examined, characterized him on television as a predator, withheld a beneficial sentencing provision, and stymied his attempts to correct his sentence, (Doc. No. 20 ¶ 23), targeted other class members to deter Plaintiff from pursuing his First Amendment right to participate in on-line sexual role play, (Id. ¶ 24), and prosecuted and incarcerated Plaintiff to retaliate against him for his exercise of his First Amendment right to participate in on-line sexual role play, (Id. ¶ 25).

(2) The Defendant officers, prosecutors, and Judge Edwards conspired to restrain Plaintiff's internet speech for a three-year period.[3] (Id. ¶ 26). Defendant Sellers "intentionally misrepresented" Plaintiff's criminal history to "obtain[] aggravated bond conditions[,]" suppressed "the full content and context of the online exchange[,]" failed to pursue lawful bond conditions, and failed to provide Plaintiff counsel for the bond proceedings. (Id.).

---

[3] It is apparent that the alleged three-year period is approximately September 2006 (when Plaintiff states that court set his bond conditions) and September 2009 (when Plaintiff states that he went to trial). (See Doc. No. 1 at 21, 25).

6

(3) The Defendant officers, prosecutors, and Judge Edwards conspired to deny Plaintiff his constitutional right to engage in interstate commerce by barring him from using on-line communications. (Id. ¶ 27).

(4) The Defendant officers, prosecutors, and Judge Edwards conspired to retaliate against Plaintiff for going to trial – by re-indicting him and adding additional charges after he refused to plead guilty to the first indictment. (Id. ¶ 28).

(5) The Defendant officers, prosecutors, and Judge Edwards conspired to prosecute Plaintiff selectively based on his class membership. (Id. ¶ 29).

(6) The Defendant officers, prosecutors, Attorney General Olen, and Judge Edwards conspired to deny Plaintiff equal protection of the laws by selectively enforcing criminal laws against members of his class and failing to enforce laws against minors who gain access to adult web sites. (Id. ¶ 33).

(7) The Defendant officers, prosecutors, and Judge Edwards conspired to violate Plaintiff's rights under Brady v. Maryland, 373 U.S. 83 (1963) (requiring prosecutor to disclose evidence favorable to defendant) and the First Amendment by failing to properly gather, suppressing, omitting from discovery, and/or failing to admit into evidence all relevant computer data. (Id. ¶¶ 37-39).

7

(8) The Defendant officers, prosecutors, and Judge Edwards conspired to deter Plaintiff's pursuit of his substantive due process interest in engaging in on-line sexual role play with adults and to retaliate against him for his past pursuit of those interests. (Id. ¶ 42).

(9) The Defendant officers, prosecutors, and Judge Edwards conspired to deny Plaintiff his right to be free from inconsistent internet regulation – by bringing a state action against Plaintiff for "conduct . . . lawful under Federal law[.]" (Id. ¶ 43).

(10) The Defendant officers, prosecutors, and Judge Edwards conspired to deprive Plaintiff of procedural due process and his equal civil rights under 42 U.S.C. § 1981[4] by prosecuting him using a "generic template of facts[,]" failing to notify him in a timely manner regarding the *nolle prosequi* of the first indictment against Plaintiff, offering perjured testimony, withholding evidence, denying him a pre-sentence hearing, advocating excessive punishment, and adding charges when he did not plead guilty. (Id. ¶¶ 45-46).

---

[4]Section 1981 is inapplicable to Plaintiff's concerns as it concerns only "*racial* discrimination in the making and enforcement of contracts." Little v. United Techs., 103 F.3d 956, 961 (11th Cir. 1997) (emphasis in original).

8

(11) The Defendant officers, prosecutors, and Judge Edwards conspired to impose on Plaintiff "a cruel and unusual sentence in excess of what" Georgia law requires. (Id. ¶¶ 48-49).

(12) The Defendant officers, prosecutors, and Judge Edwards conspired to deprive Plaintiff of the right to review of his convictions and sentence. (Id. ¶ 50).

(13) The Defendant officers, prosecutors, Judge Edwards, and public defenders conspired to deny Plaintiff of his right to effective assistance of counsel. (Id. ¶¶ 51-53).

Plaintiff also brings two claims under 42 U.S.C. § 1983. The Defendant officers, prosecutors, and Judge Edwards violated his First Amendment rights by failing properly to inform the magistrate judge at his bond hearing of relevant facts, which resulted in the three-year restraint on his internet speech. (Id. ¶ 54). The Defendant officers, prosecutors, and Judge Edwards restrained his ability to engage in interstate commerce via the internet. (Id. ¶ 55). Plaintiff seeks declaratory judgment, injunctive relief, and damages. (Id., "Prayer for Relief").

### A. 42 U.S.C. § 1985(3)

If two or more persons in any State . . . conspire . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities

> under the laws . . . , the [injured party] may have an action for the recovery of damages occasioned by [the] injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). Section 1985(3) protects "two types of classes: (1) 'those kinds of classes offered special protection under the equal protection clause, and (2) classes that Congress was trying to protect when it enacted the Ku Klux Klan Act.'" Farese v. Scherer, 342 F.3d 1223, 1229 n.7 (11th Cir. 2003) (quoting Childree v. UAP/GA AG CHEM, Inc., 92 F.3d 1140, 1147 (11th Cir.1996)); see also Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 269 (1993) ("[W]e reject the apparent conclusion . . . that opposition to abortion constitutes discrimination against the 'class' of 'women seeking abortion.'" (no citation provided) "Whatever may be the precise meaning of a 'class' . . . , the term unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors.").

A class of persons who engage in "sexually explicit role play" where one person plays the role of a child is not a class protected under § 1985(3).[5] (Doc. No. 20 ¶ 23;

---

[5]Even if a class of persons with an interest in "sexually explicit role play" were considered a class under § 1985(3), which it is not, Plaintiff's attempt broadly to define his class as simply those with an interest in sexual role play fails. (Doc. No. 20 ¶ 23).

10

Doc. No. 1 ¶ 128). It is not a class "based on political beliefs or associations (the kind of class envisioned by the framers of the Ku Klux Klan Act)[.]" Kimble v. D. J. McDuffy, Inc., 648 F.2d 340, 347 (5th Cir. June 18, 1981). It is not "a class 'having common characteristics of an inherent nature'" that is in need of special protection. Id. (citation omitted). Plaintiff fails to state a claim under § 1985(3) against any Defendant. Further, the Court notes that, in a case where the defendant also had argued that he was "just role-playing[,]" the Eleventh Circuit rejected the argument that "the First Amendment protects . . . sexually explicit conversations with [an] adult" regarding arrangements to sexually abuse a child. United States v. Farley, 607 F.3d 1294, 1312, 1324 (11th Cir.), cert. denied, _ U.S. _, 131 S. Ct. 369 (2010).

### B. 42 U.S.C. § 1983

As indicated earlier, Plaintiff also brings two claims under 42 U.S.C. § 1983. First, the Defendant officers, prosecutors, and Judge Edwards obtained a three-year restraint on Plaintiff's internet speech, in violation of his First Amendment rights, by failing properly to inform the magistrate judge of relevant facts during his bond hearing. (Doc. No. 20 ¶¶ 26, 54). Plaintiff states that he did not know that the restraint was unlawful at the time and that the failure of officials to submit the full content of his one-line communications caused him to accede to the bond conditions "in order to

11

secure his freedom and . . . access the stored records of the information . . . in an effort to defend himself[.]" (Id. ¶ 26). Second, the Defendant officers, prosecutors, and Judge Edwards restrained Plaintiff's ability to engage in interstate commerce via the internet. (Id. ¶ 55).

Plaintiff fails to state a § 1983 claim for damages based on the alleged pre-trial prohibition on internet access.[6] Defendant prosecutors are entitled to absolute immunity from damage claims based on their role in advocating the conditions of Plaintiff's pre-trial release. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) ("Prosecutors are . . . entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976))). Judge Edwards also is entitled to absolute immunity from damage claims based on his role in setting the conditions of Plaintiff's pre-trial release, actions

---

[6]For the three-year period from approximately September 2006 through September 2009, Plaintiff seeks only damages and does not seek any specific injunctive or declaratory relief for the alleged restraint during that time period. (See Doc. No. 20, "Prayer for Relief"). A § 1983 claim is subject to a two-year limitations period. See Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (applying Georgia's two-year statute of limitations for personal injury to § 1983 action). Plaintiff filed this action on July 12, 2011. Thus, Plaintiff's damage claims based on the alleged restraint from approximately September 2006 through September 2009, is limited to events that occurred after July 12, 2009, and through approximately September 2009.

taken in his judicial capacity. See id. at 1239 (A judge is entitled to absolute judicial immunity for acts taken in his or her judicial capacity, even if those acts "are in error, malicious, or were in excess of his or her jurisdiction." (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978))).

Plaintiff also fails to state a pre-trial restraint claim for damages against the Defendant officers. Plaintiff's allegation that Defendant Sellers "intentionally misrepresented" his criminal history to "obtain[] aggravated bond conditions[,]" (Doc. No. 20 ¶ 26), does not state a claim. An officer is entitled to "absolute immunity for functions intimately associated with the judicial process." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (quoting Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (internal quotation marks omitted) (holding that parole officer was absolutely immune for giving testimony during parole revocation hearing)). Sellers is entitled to absolute immunity because his provision of criminal-history information to the court for the purpose of the court determining Plaintiff's bond conditions is a function intimately associated with the judicial process. See Kohnke v. Reed, 18 F.3d 936, 1994 WL 83724, at *3 (5th Cir. Feb. 25, 1994) (unpublished table decision) (holding that investigator is "absolutely immune from § 1983 damage liability for . . . testimony at . . . bail hearing"); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989)

(holding that state social worker who submitted allegedly false affidavit in bail revocation hearing was entitled to absolute witness immunity). Further, Defendant officers are not liable based on Plaintiff's acceptance of the bond conditions. Additionally, the Court is aware of no duty that Defendant officers had to pursue, or not pursue, particular bond conditions and is aware of no constitutional mandate that the officers violated in pursing a bond condition that they believed served the public. It was the duty of the judicial officer who set the bond conditions to determine the constitutionality of the advocated conditions.[7] Similarly, the Court is aware of no constitutional requirement that Defendant officers provide Plaintiff with counsel.

Plaintiff also fails to state a § 1983 claim against any Defendant based on a post-trial restraint on Plaintiff's internet access. Defendant Prosecutors and Judge Edwards are immune for the reasons stated above, and Plaintiff otherwise fails to state a claim against Defendant officers. To the extent that Plaintiff complains regarding post-trial restraint that may have been imposed as part of his criminal sentence, he may not use

---

[7]Because Plaintiff's claim fails based on Defendants' immunities, the Court does not address the constitutionality of the pre-trial restraint on internet access, but notes that the Eleventh Circuit has approved internet restrictions for supervised release. United States v. Zinn, 321 F.3d 1084, 1092-93 (11th Cir. 2003) (approving, on direct appeal of criminal conviction, internet restrictions that allowed internet use for valid purposes only with the probation officer's permission).

14

§ 1983 to challenge that sentence, and he may not obtain damages based on that sentence. Dyer v. Lee, 488 F.3d 876, 880 (11th Cir. 2007) (stating that a federal habeas petition, 28 U.S.C. § 2254, is the exclusive means for challenging a state conviction and sentence, and that allowing a litigant to use a non-habeas civil action to challenge a state conviction would impermissibly "create an end-run around the procedures of § 2254" (citing Preiser v. Rodriguez, 411 U.S. 475, 490 (1973))). To the extent that Plaintiff complains of post-trial internet-access restraints resulting from prison policy during his incarceration, he fails to allege any facts that connect the Defendant officers to that restraint.

### C. Motion for Protective Order

Plaintiff states that he has noticed hostility by prison officials – officials have required him to store his legal materials in a certain manner, issued a disciplinary report against Plaintiff for sleeping during a census count, assigned him to food services (a time-consuming prison detail) despite his qualifications for administrative details, failed to call him for a law library appointment one day, and refused notary services one time – and asserts that he fears retaliation. (Doc. No. 23 at 1-3). Plaintiff wishes to spend the time that he thinks is necessary on his legal pursuits without prison officials burdening him with time-consuming prison details or punishing him for

15

failing to report to an unduly burdensome prison detail, and he is "incredulous" that there are not others (without his same legal interests/cases) who could perform the time-consuming prison details. (Id. at 3 and Ex. P-3). Because the undersigned recommends that this action be dismissed for failure to state a claim, Plaintiff's motion for a protective order is moot.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for a protective order, (Doc. No. 23), be **DENIED** as moot.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO DIRECTED and RECOMMENDED** this 31st day of May, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

16